**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER C. HUNTER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:20-cv-166-HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of movant Christopher C. Hunter's response to this Court's May 28, 2020 order directing him to show cause why his motion to vacate, set aside or correct his sentence should not be dismissed as time-barred. After reviewing and considering movant's response, the Court has determined to deny the motion as untimely, and dismiss this case without further proceedings.

**Background**

On October 7, 2015, movant pleaded guilty to possessing child pornography. On April 28, 2016, the Court sentenced him to serve a total of 115 months' imprisonment, to be followed by lifetime supervised release. He did not seek direct review. *See U.S. v. Hunter*, No. 4:15-cr-187-HEA (E.D. Mo. 2015). He initiated this action on January 20, 2020 by filing a pleading indicating an intent to seek relief under 28 U.S.C. § 2255. On May 26, 2020, after being directed to do so, he filed an amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, which the Court reviewed pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. As fully explained in this Court's May 28, 2020 order, movant's motion was filed well after the expiration of the one-year limitations period applicable to motions

filed pursuant to § 2255, and he was given the opportunity to show cause why it should not be dismissed as time-barred.

In the response now before the Court, movant acknowledges that his motion is untimely. However, he claims this Court should grant him habeas relief because his guilty plea was invalid, devoid of evidentiary support, and induced by fraud. He claims his attorney "failed to explain the elements of the offense and misrepresented to [him] that the USA was only required to prove that [he] owned the phone and computer to satisfy a conviction against [him]." He states he now knows that "ownership is not a requirement under the element of the charged offense," but he does not explain when he discovered that information. He characterizes his attorney's actions as deceit and misrepresentation of the law, and states he is "factually innocent." He also claims the government failed to present sufficient evidence to find him guilty. He presents arguments in support of granting him habeas relief on these bases, but he makes no effort to claim he took any steps towards seeking § 2255 relief before initiating this action, nor does he explain how the acts or omissions of his attorney or the government affected his ability to timely file the instant motion.

## Discussion

Movant can be understood to claim entitlement to equitable tolling, pursuant to which the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") may be tolled if a movant demonstrates (1) he has been diligently pursuing his rights, and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010), *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). The Eighth Circuit has recognized that the doctrine of equitable tolling applies to motions filed under § 2255. *U.S. v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005).

Equitable tolling is an extraordinary remedy used only in rare circumstances, and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d at 803, 805 (8th Cir. 2001). Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

In the case at bar, movant makes no effort to demonstrate that he has been diligently pursuing his rights. He does not claim to have taken any action to pursue his rights prior to initiating this case, nor does he explain when he learned of the facts giving rise to his claims or attempt to show he could not have discovered such facts through reasonable diligence within the one-year limitations period. Because movant cannot demonstrate he was diligently pursuing his rights, he cannot demonstrate entitlement to equitable tolling. *See Holland,* 560 U.S. at 649 and *Muhammad*, 735 F.3d at 815.

Even if movant had shown he was diligently pursuing his rights, his complaints about his attorney's conduct do not amount to an "extraordinary circumstance" justifying application of equitable tolling. Even if it could be said that movant's attorney was negligent or mistaken about the elements of the charged offense, the "[i]neffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance" for the application of equitable tolling, and the behavior movant describes is not "so outrageous or so incompetent as to render it extraordinary." *Martin*, 408 F.3d at 1093. *See also Walker v. Norris*, 436 F.3d 1026, 1032-33 (8th Cir. 2006) (finding no equitable tolling where attorney lacked knowledge of verification requirement on state petition); *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (finding no equitable tolling where petitioner alleged attorney did not perform adequately at trial, did not vigorously pursue a motion to suppress, knew petitioner could

3

not assist in her defense, and stated that "no other court would hear her case"); *Beery v. Ault*, 312 F.3d 948, 951-52 (8th Cir. 2002) (finding no equitable tolling where attorney's false representations about petition did not prevent timely filing); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (finding no equitable tolling where counsel was confused about applicable statute of limitations).

Additionally, all of counsel's allegedly wrongful conduct occurred before movant's judgment became final, and therefore before the one-year statute of limitations began to run. Movant does not explain, nor is it apparent, how counsel's conduct stood in his way and prevented timely filing, as necessary to justify application of equitable tolling. Movant can also be understood to claim entitlement to equitable tolling due to wrongdoing on the part of the government. Equitable tolling is appropriate if the government's conduct "lulled the movant into inaction through reliance on that conduct." *U.S. v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006) (internal citations omitted). Here, while movant identifies alleged government misconduct during his criminal proceedings, he does not identify any government conduct that lulled him into inaction or somehow prevented him from taking any steps towards timely seeking § 2255 relief. Similarly, none of movant's other averments describe circumstances external to him that prevented him from timely seeking § 2255 relief. "Equitable tolling only applies when the circumstances that cause the delay in filing are 'external to the plaintiff and not attributable to his actions.'" *Id.* at 858 (citing *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005)). Accordingly, the Court concludes that movant has failed to demonstrate entitlement to equitable tolling.

Having determined that the motion was untimely filed, and having considered movant's response, the Court will dismiss the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 proceedings in the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210

(2006) (a district court may consider, on its own initiative, whether a habeas action is time-barred, but must provide notice to the movant before dismissing it as such).

Movant has also filed a motion asking the Court to provide him with free copies of his filings in this case, and to send additional copies of his filings to the respondent. (ECF No. 10). The motion will be denied. The Court has already provided movant with a copy of his original pleading, and it was his responsibility to retain his own copies of his filings. The Clerk of Court does not provide additional free service copies of documents, or send additional copies of documents to opposing parties on behalf of litigants. If movant wishes to receive additional copies of any filings, he must prepay for them at the rate of fifty cents ($.50) per page. To assist movant, the Court will direct the Clerk of Court to send him a copy of the docket sheet.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Movant herein has made no such showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant Christopher C. Hunter's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED** and this case is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that movant's motion (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the docket sheet in this matter.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 6th day of July, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE